FRANK ANTONIEWICZ *vs.* ANGELA MARIE DEL PRETE & others.

Plymouth. April 7, 1960. — April 28, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Cemetery. Real Property*, Cemetery lot. *Equity Jurisdiction*, Cemetery.

The owner of a family cemetery lot was entitled, in a suit in equity against the owners of an adjoining lot, to a decree for the removal of a monument erected upon and a body buried in the plaintiff's lot by the defendants without justification, even though there had been no previous burial in the plaintiff's lot.

BILL IN EQUITY, filed in the Superior Court on March 31, 1959.

The suit was heard by *Reardon*, C.J.

The case was submitted on briefs.

*Joseph F. Flynn*, for the defendants.

*Eben G. Townes*, (*Edward H. Stevens* with him,) for the plaintiff.

WILKINS, C.J. The plaintiff, the owner of lot 38, section C, in the Holy Family Cemetery in Rockland, brings this bill in equity to obtain an order for the removal from it of a monument bearing the name "Del Prete" and the body of Domenico Del Prete. The deceased was the hus-

band of the defendant Angela and the father of the defendant Albert. The defendants Del Prete own lots 37 and 39, and caused the monument to be erected at the junctions in and upon the three lots mentioned and lot 40, of which a third party is owner. The defendant Hines is superintendent of the cemetery, and he and the undertaker who conducted the funeral of Domenico Del Prete had maps of the cemetery and its subdivisions. There has been no other burial in lot 38, which contains space for twelve graves, and which the plaintiff prefers to space elsewhere in the cemetery. The judge found these facts and caused a final decree to be entered granting the relief prayed for. The defendants appealed.

The ruling was right. As the judge stated, this family lot is protected by the solicitude of the law that it be kept within the family. G. L. c. 114, § 31. *McAndrew* v. *Quirk,* 329 Mass. 423. Such policy is not exclusively predicated upon there having been prior interments. See G. L. c. 114, §§ 32, 33. It is true that the purchase of lot 38 conferred not a fee but a right in the nature of an easement or irrevocable license to use the lot for the burial of the dead so long as the place continues to be used as a cemetery. *Trefry* v. *Younger,* 226 Mass. 5, 9. *Messina* v. *LaRosa,* 337 Mass. 438, 441. That the defendants were able to make the first burial in lot 38 could not operate to extinguish the plaintiff's right. No justification is shown. The plaintiff argues that the erection of the monument on four lots, two of which did not belong to the defendants, shows that there was not even mistaken action.

We quote with approval from the findings and rulings of the trial judge: "The court is fully aware that a decent respect for the memory of those who have been buried requires that there be no disturbance of the remains of one deceased unless the law as applied to the particular circumstances compels such a conclusion. Here, with considerable reluctance, that conclusion seems necessary to the court."

*Decree affirmed with*
*costs of the appeal.*